Good morning, Your Honor. John Lanihan, I'm appearing on behalf of Mr. Rodriguez. Very well. Okay, I think we have the government here, so please proceed. Well, Your Honor, this is an issue that comes before this court often, specifically out of this district, whether or not the district court, in fact, this particular district court, erred in not applying a minor role adjustment in an importation of drug case. And what I would like to start is, I think, in viewing many of the cases that were relied upon by the government, many of them or most of them are prior to the commentary that is now part of 3B1.2. And that effectively became a watershed, I think, in this court's later decision, specifically in Diaz. It indicated that when the district court goes and does have to calculate the guidelines, while it does have considerable discretion, it must consider those factors. And what the error in this case is one that is also, in another Rodriguez case I cited the court, it's a memorandum decision, but it's almost identical to this case, in which this court found that the district court erred in failing to apply those five factors. And first of all, there was no dispute as to the underlying facts of the case. Essentially, both the defense and the prosecution relied on what was the statement of the offense that was set forth in the pre-sentence report. So that was a given. Actually, the probation office recommended a minor role. The government did not. Obviously, Mr. Rodriguez did. But in going through those factors, and I think this is essentially the error that the district court does, is it essentially conflates what is participation with planning. And that is the mistake it made in the earlier Rodriguez case. It's the mistake it made here. And in going through the factors as I was looking at what was the basis on which the district court's factual findings are there, we're not disputing it. But the issue is how do you apply them through essentially the lens or the, I don't know, the pachinko machine, whatever you want to call it, of the commentary of 3B1.2. And in doing that, for example, in saying it was unaware of the scope and structure, there was no question that he only had a single point of contact. That was the only person that he had dealt with. But the district court found that because he was aware of what he was supposed to do, which was to turn the car over, go down to Mexico, wait for it to be loaded, and bring it back, that that means that he understands the entire scope and structure of the organization. Let me ask you about that, counsel. There's an oddity in your argument, I feel like, in the sense that on one hand you're saying, well, he was a minor participant because obviously this was a lot bigger than just him and Gordo, right? Yes. I think it was Gordo. Well, there's always a Gordo or a Flacco or somebody. So obviously this is bigger than him and Gordo, so he had to be a minor participant. And I think our case law talks about you look at what the likely, even though nobody knows who else was involved, including your argument is he didn't know, obviously it had to be bigger. So on one hand you want to get the benefit of the fact that you're saying he's a bit player in a large organization and so therefore had a minor role. But on the other hand you're saying just because he didn't know anybody other than Gordo that this first factor, understanding of scope and structure of criminal activity, it seems to me that regardless of even assuming and believing that he only knew Gordo, he knew that he was participating in an enterprise that was way more than just him and Gordo. He knew that. He may not have known the names of the people, but he understood the scope and structure of the enterprise in a sense of like he knew he was working as part of a cartel. He knew that if he took out Gordo that some other dude was going to show up and take him out that worked for the cartel. He knew that. We all know that. And so it's hard for me to see just how the argument that because he only knew Gordo personally that he didn't understand that he was working for a cartel and everything that goes along with that. Well, I think you have to be aware. Awareness of the scope and structure of the organization I think goes beyond just understanding what you're doing. But you're saying you have to have seen the organizational chart of the cartel in order to actually fit under number one. What if you just understand that it's a cartel with everything that goes with that? Well, actually there is nothing in the factual basis that says this is part of a cartel. Your Honor, you are. Well, then how is he a minor? If it's just him and Gordo, then how is he a minor player? I don't think you even contest that the difference between him and Gordo makes him a minor player. You're saying it's the difference between him and all these people that you're assuming and that I'm sure he assumed were above him and Gordo. Well, I think the scope and structure of the organization goes beyond just saying, yes, I know there were more people that were involved. He would be aware, for example. Because that's important because the point here is to say what was this person's role, right? That's the point of all of these factors. And so if you're saying the person really just literally didn't know that they were working for a large organization, that would seem to go to the fact that they had a pretty minor role. You don't tell the bottom. But if the person knows they're working for a large organization, the fact that they don't know all the details that all these are shadowy people to them, it doesn't seem to me that that factor actually cuts against them having a minor role. Isn't the decision in this issue really a function of our Diaz case, which I think is very much like this? Both Judge Burns and Judge Benitez have a different view. But Diaz, as I look at it, would find that in this case that the first, second, and fifth factors that the judge cited were wrongly decided in light of Diaz. I assume you agree with that. Yes. And he agreed on the third fact. Correct. So is it your view that, in effect, under Diaz, unless we take this en banc, we are bound to reverse this portion of the case so that Judge Burns can analyze it in light of Diaz and the commentary and amendments to the guidelines? Yes. But the root cause of this, and I know Judge Burns. I've known him for years. He's a nice guy. Well, I wouldn't say he's a nice guy, but he's a smart guy. But the issue and the real error in this case, there's a couple of them. One is that Judge Burns conflates participation with planning, and that's pretty clear. The other is that he uses the amount that Mr. Rodriguez was going to be paid. He sort of says, well, it's a pittance, and he doesn't seem to disagree with that. But his argument is if you ever accepted in any of these cases the drugs are so valuable, that percentage shouldn't apply. What that really means is he doesn't like role in these cases. He considers them too serious, and that, therefore, effectively, no one should get a moat. So, I mean, that's the answer. So, Your Honor, I'll submit on the other one because I hope if I went on this, I can bring up the issue on the Lopez issue before Judge Burns. Okay, you want to save the rest of your time for rebuttal? I'll save the remainder for rebuttal. Very well. Okay, let's hear from the government. Good morning. Good morning. May it please the Court, Badia Mouwannis on behalf of the United States. The district court here did not abuse his discretion at sentencing when he declined to grant a minor role adjustment for Defendant Rodriguez. First, for abuse of discretion, the court explicitly stated when he began his argument that he is guided by the 3B1.2 factors. Thereafter, he gave thoughtful consideration to each of the factors and then exercised sound discretion in the application of each. But with respect, Counsel, I'm sure you're very familiar with the Diaz case, which, of course, came out not that long ago. And that case's interpretation of certainly the factors that you just talked about is very different, as I see it, than what Judge Burns did here. Would you respond to that? Well, first I'll just point out by starting that the Diaz case is, although somewhat similar, it is distinguishable to the case at hand here. In what way? It appears that in reviewing the opinion in that case, that the court specifically found that the district judge in that case essentially adopted the United States recommendation without giving a consideration or an elaboration of the factors, whereas here it's clear that the judge did exactly just that. But the court did talk about what those factors were and what they're supposed to mean, did they not? They did. And when you apply that to this case, how do you find that, at least with respect to 1, 2, and 5, that Judge Burns followed Diaz? Well, so first looking at the first factor, that the defendant's understanding of the scope and structure of activity, this case is distinguishable on the fact of particularly two reasons. First, although he began his analysis similar to that in Diaz, this case is distinguishable because defendant Rodriguez has a prior criminal history for the transportation of approximately 15 kilograms of methamphetamine. And specifically in his analysis under the first factor, the district judge here in this case emphasized that the gloss on this is that distinction, is his transportation offense. So that does essentially change his analysis in the first factor. You think that's why he did that? Wasn't that on the safety valve issue? That actually applies to both, but I do believe that in this particular opinion, the district court did give significant or reasonable weight to his prior offense, specifically in terms of understanding the scope and structure of the activity. Here, the defendant's importing narcotics. Just three years prior and while on release, he transported narcotics, which is essentially the second part of importation. So this defendant does have a greater knowledge and scope of the understanding of the drug trafficking organization. He knew that in this offense, he's importing narcotics, and he is working with an independent individual named Gordo. Thereafter, when he crosses, he knows that the case did not just end there. Given his prior history, and similar to the last offense he had, where he began transporting those narcotics north into the United States. So I do believe that is a distinguishable factor. In addition, I would note... Can I ask you a threshold question about our standard of review? So there's these five factors, and they're not exclusive either. So in theory, it can actually be more things, and I think this case he obviously considers some things beyond the factors, but he's allowed to do that, the district court judge. So the question I've got is sort of a hypothetical, but it may be similar to this case, which is if we have a case in front of us where, let's say, the judge considered a bunch of factors and messed up one factor legally, like didn't apply it correctly, what do we do with that as far as under the abuse of discretion? I'm trying to figure out, I'm trying to look quickly into our case law, and I didn't find anything clear about that. If he messed up one, then we don't really know how the district judge would have applied his considerable discretion if he hadn't messed up that one factor, right? So is our review that we look at it and we say, he could have reached the same result and not abused his discretion, even if he had applied that factor correctly, or do we just need to send it back for him to apply the factor correctly and then find out how he would apply his discretion in that instance? I believe the Ninth Circuit's case law on that point is relatively clear. The courts have previously indicated that even a misapplication of one of the factors is not essentially dispositive to remand. I couldn't find that case, so I would... In Quintero-Leyva, the court explicitly states that a misapplication of one factor... Quintero? Quintero-Leyva. In addition, I would note, as counsel indicated, a similar case to this case, the Rodriguez case, even in that case's finding, the court indicated that a misapplication of one is not sufficient alone to remand the case. As well... How about two? Well, I would say specifically, Your Honor, not only is it insufficient for a misapplication of one of the factors, but the courts have particularly stated on multiple occasions that the five factors, that even if some of the factors weigh in favor of granting minor role, the district judge has the discretion to review the case in its totality and can ultimately come out on the other side. And it does go both ways. So specifically in this case, I would emphasize that, yes, the court looked at the five factors, and there is some similarity between this case and Diaz or the Rodriguez case. However, the distinguishing factor here is his prior transportation offense. Do we... And this may seem like a bizarre question, but as you know, we get Judge Burns and Judge Benitez cases like this all the time. And it's the same issue over and over and over again on the safety valve and the minimal sentencing. They've been pretty explicit about their views. Under the circumstances, should that play any role in our analysis of the totality of the circumstances? Respectfully, Your Honor, I do not believe so. And I would point to the record in this case when the district judge was beginning his analysis, he indicated to defense counsel, although he is dubious that this defendant played a minor role, he is willing to be persuaded. And after argument and thorough consideration of all the factors, he ultimately decided that this defendant did not meet his burden to show. Can you cite a single case where he was persuaded at any point, at any time? I do believe there are cases, however, at this time I do not have a specific citation.  But given those particular facts and individualized characteristics, those were the decisions made. In addition, I would carry on to the second factor as well, or the second issue in this case. I would note that looking at the arguments of counsel, it appears that there is a misunderstanding of the United States position regarding the safety valve adjustment. The United States agrees that the defendant is now eligible for safety valve under the First Step Act after the Lopez decision. However, the United States argues that given the courts have an obligation to calculate the guidelines appropriately, in this particular case the court did just that. And specifically in the Southern District of California, should a defendant be eligible after Lopez for First Step relief where they would receive a two-level variance, and a variance is very distinct of that of a guideline calculations. So regardless, the First Step Act would apply as a variance, and that is conceded in both counsels answering a reply brief and open appellate brief. That is a variance and not a guideline calculation. But he didn't meet with the government. His lawyer arguably didn't tell him he needed to. But he's really got an IAC claim, right, under 2255? Is that what we're really talking about here? I do not believe that's the case here. At the time of sentencing, the parties made the appropriate recommendations based on the law at that time. Now, while on appeal, the law has changed and the defendant would receive that benefit. However, specifically in reviewing plain error, there would be no error in the guideline calculations to justify a remand on that factor alone. So because he didn't meet, he's just out of luck? Specifically, Your Honor, and I would also note that the United States found in its sentencing memorandum that the defendant did not even meet his burden to show that he didn't meet the fifth prong of safety law, such that he did not give sufficient information to truthfully account for his activities. So regardless of that, even if it was remanded now, based on the record at the time, he did not meet that burden for safety valve nor minor role. Can I just make sure I get this? Is it Cantrell? Quintero, Q-U-I-N-T-E-R-O. Q-U-I-N-T-E-R-O. Thank you. And I would also just want to note one distinction to the court regarding Diaz. I do know that the courts previously found that the specific analysis regarding the fifth factor, which we have yet to discuss as to minor role, of the degree to which the defendant stood to benefit. And I would just note that in the Diaz case, the defendant was essentially bringing in, I believe, approximately 10 kilograms of narcotics, and he was expected to be paid $1,000. And the key distinction here in our case, in the instant case, is that the defendant was expected to make two to three times that amount and was bringing in three to four times the quantity of narcotics. But, again, under Diaz, it seems the concept is not the specific quantum of dollars, but rather, in effect, an ownership interest, some percentage. And when you're talking about bringing in potentially hundreds and hundreds of thousands of dollars worth of narcotics and somebody's paid $2,000 or $3,000, I mean, that's chump change, right? Regarding the value of the narcotics, and actually to make a distinguishing point in this record, compared to that of Diaz and even the Rodriguez case, the district judge here did not go down that similar analysis. He specifically stated that the $2,000 to $3,000 is an insubstantial amount, which on its face is true. And I would submit on that. Any other questions about my colleagues? Very well, thank you, Counsel. Thank you, Your Honors. We respectfully request that the Court affirm the sentence. Very well. So let's hear a rebuttal from Counsel. Well, Your Honor, even if Judge Burns was correct on Factor 1, you still have 2, now 3, which he found, and 5. So we're not talking about this pivoting on one particular factor. This is on that this Court, I mean, it seems at this point there's not much of a dispute that the judge made a mistake on three of those five factors. I would just like to address the issue about the prior conviction. Counsel, before you do that, can I get your answer to the question that I asked your opposing counsel, which is if we think that if I was to conclude that the judge messed up as legally on one or two factors, but also conclude that it would have been within the judge's discretion if the judge had applied those factors correctly, what does a reviewing court do with that? Well, I think a reviewing court has to look and, I mean, you do have to look at the paradigm or the lens of Diaz. At this point, if there are three out of five factors that under Diaz would favor a minor role adjustment and the judge finds none, then at least it should be sent back to him and say, you have to reconsider at least these factors under Diaz. I mean, I don't know what else. I understand what the Court is saying. One factor alone may not cause it to pivot, but three out of five, that's more than 50%. So if I understand, I'm just trying to make sure I understand your position of what guides our standard review. Some amount of legal error, if it would not move the district court judge necessarily out of that realm of their allowable discretion, would not actually be caused to reverse. But at some point, I think you're saying, and you're saying in this case that we've passed that point, at some point there's enough legal error that it moves them outside that zone? There's a point where there's so much water the Titanic will sink. At this point, that's where we're at. But, I mean, also just additionally on the first factor, I know I'm out of time, but had they had proven that somehow the transportation in 2017 was linked with this case, this argument would be toast. But there was none. There was no factual dispute by the government. Those were unrelated cases. So I think on factor one, Judge Burns went beyond that. But even assuming he didn't, if you're showing that the district court, there should have been three out of five factors that favored something that the district court rejected, that's a basis for reversal. So I have a question. On the second issue with the application of the safety valve, in reading your brief, it seemed to me that you were arguing that we should review that for plain error. Well, I think it is plain error. And actually, well, I actually know the lawyer who handled this sentencing. I don't actually think it would be a 2255, only because Lopez wasn't yet the law. So maybe he should have anticipated, but I think you can tell by the preparation of this, counsel thought it was relying on the current state of the law. But, yes, I mean, I think it is a plain error analysis. The government's argument really is that it's all harmless. So what? And essentially, if in fact the court does this. Well, isn't their argument really that it doesn't affect his substantial rights, that he wouldn't be eligible for the safety valve in any case? Well, maybe I'm conflating harmless error with substantial rights, but they seem to be pretty similar. I think their argument is that if you get down to 90 months, and then if you take off, so what? 90 months is above 60. And so unless you can get below 60, this isn't a substantial right. And actually what my argument is, or my response to that, is that if the court remands for roll, then he does get in a range for a sentence that would be below 60 months. It may only be 57, but 57 is less than 60. But essentially, I understand what the court's claim. The question is, is it substantial if it really wouldn't make a difference? And it really essentially would have made a difference if the judge had found roll. Then it would have been a basis for a reduction pretty much on the policy in the Southern District that if someone is available under the First Step Act, there's an agreement that they will sort of do a de facto two-level downward departure or adjustment variance that's analogous to 5C1.2. Very well. Other questions? That may be too much information. Thank you. Very well. Thank you, both counsel, for your argument. Very helpful. The case just argued is submitted.
judges: SMITH, BADE, VANDYKE